Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2478 | **DATE** | 2/7/2002 |
| **CASE TITLE** | Willie Mae Riley vs. Maryville Academy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court grants Maryville's motion to dismiss the complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 08 2002 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE MAE RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 01 C 2478 |
| ) | Judge George M. Marovich |
| MARYVILLE ACADEMY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Willie Mae Riley("Riley") filed a one-count Complaint against Maryville Academy ("Maryville") for violation of her procedural due process rights pursuant to 42 U.S.C. § 1983 ("§ 1983"). Maryville has moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Maryville's motion to dismiss is granted.

BACKGROUND

The Complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). In March of 1992, Riley began her employment with Maryville at their Eisenberg facility as a Family Educator Counselor. Riley was promoted to Program Manager in February of 1998. However, in January of 1999, Riley was demoted to the position of Assistant Program Manager.

On June 1, 2000, Riley agreed to work an additional shift at another Maryville facility. After completing her regular shift

at the Eisenberg site from 2:00 to 10:00 p.m., she then worked another shift at the Medically Complex Center from 11:00 p.m. to 7:00 a.m. At approximately 4:00 a.m., Chiquita Thomas ("Thomas"), Medically Complex Center's overnight supervisor asked Riley to leave the premises. She explained that a nurse had reported to Thomas that Riley was sleeping on her shift. Thomas told Riley that she would escort her to her car. Thomas refused to identify the reporting nurse to Riley. The incident was reported to Tawanna Daniels ("Daniels"), Thomas's immediate supervisor, who then completed a Personnel Action Form ("PAF").

On June 11, 2000, Riley's immediate supervisor, Connie Streets ("Streets"), called Riley and informed her that a PAF had been written for the incident at the Medically Complex Center. Streets read the charges to Riley, who denied falling asleep on her shift. Riley inquired about the PAF a couple of times to the Site Director, Valerie Greater ("Greater"). Greater eventually informed her that a meeting would be held regarding the incident on June 23, 2000. Riley, Thomas, Streets and the Greater attended the meeting. At the meeting, Riley read the PAF and noted some discrepancies contained in it. Riley requested time to respond to the report. Greater informed her that her response would be futile because Maryville would accept the truth of Daniels's report. Riley was then terminated. Subsequently,

Riley filed a grievance with Greater about her termination. Greater refused to reinstate Riley.

## DISCUSSION

### I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988).

### II. Procedural Due Process Claim

In order to determine if a property right in employment exists the Court must first look to state law. Kim Constr. Co. v. Board of Trustees, 14 F.3d 1243, 1246 (7th Cir. 1994). Additionally, a property interest can be found when a statute, rules or contract exist such that the employer's discretion is so circumscribed that an employee can only be fired for cause. Arnett v. Kennedy, 416 U.S. 134, 151-52 (1974); Fittshur v. Village of Menomonee Falls, 31 F.3d 1401, 1408 (7th Cir. 1994)

(citing Perry v. Sindermann, 408 U.S. 593, 601 (1972)). Not surprisingly, in an employment at-will situation no legitimate claim of an entitlement to a job exists. McMillian v. Svetanoff, 878 F.2d 186, 191-92 (7th Cir. 1989). In the end, Riley must allege a legitimate claim of entitlement to her employment to support a due process claim.

Riley does not rely on any provision of state law to support her constitutional claim. Instead, she relies on Maryville's Personnel Policy and Procedures ("Manual") and Maryville's Guidelines for Disciplinary Actions ("Guidelines"). The parties agree that the following law governs whether an employee manual creates a property interest: "First, the language of the policy statement must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the statement must be disseminated to the employee in such a manner that the employee is aware of its content and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the policy statement." Dualdo v. Saint Mary of Nazareth Hosp. Ctr., 505 N.E.2d 314, 318 (1987). What the parties disagree on, is the application of that law to the Manual and Guidelines at issue. This Court finds no difficulty in applying that law to the present facts and holding that the Manual and Guidelines at issue do not create a property interest in employment at Maryville.

4

Riley focuses specifically on the procedures and policies in the Manual and Guidelines by which an employee may be immediately terminated, but these procedures do not establish a property interest in themselves. See Kim Constr., 14 F.3d at 1246 ("A [municipality] may choose to require procedures against deprivation of substantive rights, ... in making that choice, the [municipality] does not create an independent substantive right.") (citation omitted). Procedural guidelines in the Manual and Guidelines do not create a property interest for Riley in the absence of substantive criteria limiting Maryville's discretion. Cain v. Larson, 879 F.2d 1424, 1426 (7th Cir. 1989).

The Manual and Guidelines can be amended at-will by Maryville, thus they are unlikely sources for a property right. Furthermore, Riley cannot establish the requisite substantive predicate based on the Manual and Guidelines when the Manual plainly indicates that: "EMPLOYMENT AT MARYVILLE ACADEMY IS EMPLOYMENT AT WILL." This statement negates any notion that the Manual and Guidelines constitute a contractual promise. On the contrary, this is a clear and unequivocal statement that no offer is being made. Therefore, Riley has failed to allege a property interest in her employment and her substantive due process claim must fail.

## CONCLUSION

For the reasons set forth above, the Court grants Maryville's motion to dismiss the Complaint.

ENTER:

George M. Marovich
United States District Judge

DATED: 2/7/02